UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PROFESSIONAL STAFFING - A.B.T.S.,
INC., a Florida corporation,**

    **Plaintiff,**

v.          Case No. 8:04-cv-793-T-30EAJ

**ILLINOIS UNION INSURANCE
COMPANY, a foreign corporation,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Summary Judgment As To The Duty to Indemnify (Dkt. 73), and Defendant's response thereto (Dkt. 90-1); and Defendant's Motion for Final Summary Judgment and Memorandum of Law In Support (Dkt. 80), and Plaintiff's response thereto (Dkt. 89). For the reasons set forth below, this Court finds that both Plaintiff and Defendant's Motions for Final Summary Judgment should be **DENIED**.

### I. BACKGROUND

This case arises from a dispute between the parties as to Defendant's obligation under the terms of a Staffing Services Commercial General Liability Policy (hereinafter "the Policy") to defend and indemnify Plaintiff against a lawsuit filed in Florida state court against Plaintiff by Plaintiff's former clients, Mr. and Mrs. Whalen. In their state court action, the Whalens have alleged that Plaintiff, *inter alia*, was negligent in the hiring,

retention and assigning of Mr. Larry Markham, a temporary employee of Plaintiff's, who allegedly battered Mrs. Whalen in the course and scope of his employment. Upon being notified Defendant would neither defend Plaintiff against the Whalen's state court action nor indemnify Plaintiff for any damages incurred from the same, Plaintiff filed the instant declaratory action[1].

## II.  DISCUSSION

"The duty to indemnify is determined by the underlying facts of the case . . . whereas the duty to defend is controlled by the allegations in the complaint against the insured." State Farm Fire and Cas. Co. v. CTC Development Corp., 720 So.2d 1072, 1077 n.3 (Fla.1998). Prior to determining whether a duty to indemnify arises, there first must be a determination that coverage under the policy exists. See Illinois Insurance Exchange v. Scottsdale Insurance Co., 679 So.2d 355, 358 (Fla. 3rd DCA 1996). The burden is on the insured to prove the existence of coverage. See Herrera v. C.A. Seguros Catatumbo, 844 So.2d 664, 668 (Fla. 3rd DCA 2003) (citation omitted). Under the terms of the Policy, Defendant agreed to "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies," (Dkt. 21-1 at 3), specifically that "bodily injury"

---

[1] In an Order dated February 2, 2005, this Court granted summary judgment for Plaintiff, finding Defendant had a duty to defend Plaintiff in the Whalen's state court cause of action (Dkt. 47 at 9).  On the issue of indemnity, this Court, in reviewing the allegations in the Whalen's complaint and the depositions filed in support of Defendant's motion for summary judgment, determined that Defendant was not entitled to summary judgment (Dkt. 47 at 11), and an issue of fact existed as to whether Plaintiff "expected" Mr. Markham to commit an intentional tort upon Mrs. Whalen Id. Subsequently, on March 2, 2005, this Court entered an Order permitting the parties to litigate the issue of Defendant's duty to indemnify (Dkt. 83).  The parties' cross motions for summary judgment on the issue of indemnity followed (Dkts.  73, 80-81).

that "is caused by an 'occurrence' that takes place in the 'coverage territory'" Id.   The Policy, however, does not cover "'bodily injury' . . . expected or intended from the standpoint of the insured" (Dkt. 21-1 at 3) that is, bodily injury caused by intentional acts. The parties dispute whether Mrs. Whalen suffered a bodily injury and whether the bodily injury, if sustained, was caused by an occurrence.

### A.     Bodily Injury.

Under the Policy, "bodily injury" is defined as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." (Dkt. 21-2 at 1).  Plaintiff argues it has established the existence of a bodily injury through Mrs. Whalen's testimony that Mr. Markham "jammed his hands between [her] butt cheeks," (Dkt. 74 at 24) and that as a result of Mr. Markham's conduct, she suffers from depression (Dkt. 74 at 34) and has been diagnosed with posttraumatic stress disorder (Dkt. 74 at 46, lines 19-23).  According to Defendant, Plaintiff has failed to establish that Mrs. Whalen sustained a bodily injury sufficient to create a duty on Defendant to indemnify (Dkt. 90-1 at 3-4). Specifically, Defendant states Mrs. Whalen's deposition testimony negates the existence of any bodily injury as she never testified that she experienced any physical pain as a result of Mr. Markham's conduct. Id.  Defendant's argument is unpersuasive.  Mrs. Whalen testified that as a result Mr. Markham's conduct, she suffers from depression (Dkt. 74 at 34) and was diagnosed with posttraumatic stress disorder (Dkt. 74 at 46, lines 19-23).  It is this Court's opinion that a violation of one's person through a sexual battery such as the one committed upon Mrs. Whalen, which results in debilitating conditions such as depression and

posttraumatic stress disorder, constitutes a bodily injury as defined by the Policy. See Herrrera, 844 So.2d at 666 (finding that the physical intrusion of a cavity search which resulted in depression, headaches and a nervous breakdown sufficiently demonstrated a bodily injury under the policy)[2]. See also Allstate Ins. Co. v. McCranie, 716 F.Supp. 1440, 1443 (S.D. Fla. 1989) (holding that the emotional distress resulting from physical contact or, more specifically, sexual molestation, constituted a bodily injury under insurance policy).

### B.     Occurrence.

Per the Policy, "occurrence" is defined as "an accident, including conditions or repeated exposure to substantially the same general harmful conditions" (Dkt. 21-2 at 3). The Policy also includes an exclusion provision which provides that if the injury is a result of expected or intentional acts, no coverage exists (Dkt. 21-1 at 3). Defendant argues that because Mr. Markham's conduct toward Mrs. Whalen was intentional, no occurrence, as defined under the Policy, existed (Dkt. 90-1 at 14). Defendant's argument, however, is misguided. As Plaintiff is seeking coverage for those claims brought by the Whalen's against Plaintiff, i.e. negligent retention, assignment and hiring, the issue for determination is not whether Mr. Markham's conduct was intentional, but whether ***Plaintiff's*** conduct was

---

The Court is unpersuaded by Defendant's reliance in its Reply brief (Dkt. 97) on Allstate Insurance v. Clohessy, 32 F.Supp.2d 1333 (M.D. Fla. 1998), as the underlying facts in Allstate are distinguishable from the instant case. In Allstate, the insured parties sought coverage for the emotional distress suffered after *witnessing* an accident involving their relative. See id. at 1334. As the insured parties did not sustained any *direct physical harm*, and only suffered emotional distress, this court determined the emotional distress the insured parties suffered did not constitute bodily injury under the terms of the insured's automobile insurance policy. See id. at 1334, 1336. Conversely, Mrs. Whalen did sustain direct physical harm, i.e. physical contact, irrespective of whether this physical harm manifested into physical *pain.*

intentional. There is absolutely no evidence in the record that Plaintiff engaged in any **intentional conduct** resulting in Mrs. Whalen's injury. While there is no record evidence that Plaintiff engaged in any intentional conduct, there is an issue of fact as to whether Mr. Markham's conduct was or should have been *expected* by Plaintiff; an issue this Court, in its February 1, 2005 Order (Dkt 47 at 10-11), determined must be resolved at trial.

### III.  CONCLUSION

For the reasons outlined above, it is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion for Final Summary Judgment (Dkt. 80) is **DENIED**.

2. Plaintiff's Motion for Summary Judgment as to the Duty to Indemnify (Dkt. 73) is **DENIED**.

3. All pending Motions are **DENIED AS MOOT.**

**DONE** and **ORDERED** in Tampa, Florida on September 19, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2004\04-cv-793 - Motion for Summary Judgment -Indemnity.wpd